UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ronald W. Martin

    v.                                                  Civil No. 17-cv-408-JD
                                                         Opinion No. 2019 DNH 007

Warden, New Hampshire
State Prison for Men

O R D E R

Ronald W. Martin, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the sentences imposed in his state court case. The Warden moves to dismiss the petition, arguing that Martin has not raised grounds to support habeas relief. Martin objects.

Standard of Review

A party may move to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[1] In considering a motion to dismiss under Rule 12(b)(6), the court accepts as true all of the properly pleaded facts and draws reasonable inferences in favor of the nonmoving party. Lemelson v. Bloomberg L.P., 903 F.3d 19, 23 (1st Cir. 2018). The court does not credit "legal labels or conclusions,

---

[1] "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rule 12, Rule Governing Section 2254 Cases.

or statements that merely rehash elements of the cause of action." Id. Based on the properly pleaded facts and reasonable inferences taken from those facts, the court determines whether the petitioner alleges a plausible claim for relief. Id.

## Background

Martin was convicted, following a jury trial in state court, on one charge of felonious sexual assault and three charges of aggravated felonious sexual assault, which crimes occurred between August 10, 1984, and February 19, 1991. He was sentenced to three prison terms of not more than fifteen years nor less than seven and one-half years and one term of not more than seven years nor less than three and one-half years. The four prison terms are to be served consecutively.

The New Hampshire Supreme Court affirmed Martin's conviction on July 6, 2017. Proceeding pro se, Martin filed a habeas petition in this court on September 12, 2017. Martin then moved to stay the proceeding here to allow him time to exhaust issues in state court. His motion was granted, and the case was stayed.

Martin filed a motion in Merrimack County Superior Court to vacate his sentences and to remand his case for resentencing. In support, Martin argued that under the version of RSA 651-A:6,

II in effect when he committed the initial crime in 1984, he should be eligible for parole after serving the minimum amount of his longest sentence, seven and one-half years. He argued that his consecutive sentences did not comply with that version of the statute. The state objected.

The court denied Martin's motion to vacate his sentence.[2] State v. Martin, 217-2015-CR-00314; 211-2015-CR-00174 (Merrimack Cty. Sup. Ct. Dec. 2, 2017). The court explained that the New Hampshire Supreme Court had interpreted the 1991 version of RSA 651-A:6 in an unreported decision, [Blackstock v. Executive Assistant, Adult Parole Board, No. 2014-0720, 2016 WL 4103620, at *6 (N.H. Supreme Ct. June 9, 2016)](), and determined that the statute did not establish a minimum parole date, contrary to Martin's theory. The court also explained that because Martin could be paroled to his next consecutive sentence, even if he became eligible for parole after serving seven and one-half years, his consecutive sentences were not unlawfully imposed.

On appeal, the New Hampshire Supreme Court affirmed the superior court decision. State v. Martin, 2018-0063 (N.H. Supreme Ct. Sept. 14, 2018). The supreme court rejected Martin's interpretation of RSA 651-A:6, II and agreed with

---

[2] The judge who presided during Martin's trial and sentencing heard his motion to vacate his sentence.

Blackstock and the superior court's ruling. The supreme court also held, agreeing with the superior court, that the 1991 amendment to RSA 651-A:6, II did not make any change that was material to Martin's claims. In addition, the supreme court affirmed the superior court's authority to impose consecutive sentences.[3]

On October 15, 2018, Martin moved to lift the stay in this court and provided an addendum to his petition. His motion was granted.

In support of his petition for habeas relief under § 2254, Martin contends that based on the Fourteenth Amendment due process clause and Department of Corrections Policy and Procedure Directives he was entitled to be sentenced in accord with the statutory provisions in effect at the time of his charged offenses in 1984. He further argues that the 1991 amendments cannot be applied to him because that would result in a violation of the ex post facto clause. He contends that the version of RSA 651-A:6, II in effect in 1984 would set his eligibility for parole after he served seven and one-half years of his prison terms. Martin contends in his addendum to his petition that the superior court and the supreme court erred in

---

[3] The supreme court further held that because Martin failed to provide the pleadings that he submitted to the trial court, it would not consider any other issues that he may have raised.

4

their interpretations of RSA 651-A:6, II and Blackstock and that his interpretation is correct. He also contends that those courts made other errors in their decisions.

## Discussion

The Warden moves to dismiss Martin's petition on the grounds that there is no constitutional right to parole; Martin's challenge based on RSA 651-A:6, II raises an issue of the correct interpretation of a state statute; and Martin has defaulted any other federal claims by failing to properly raise them on appeal to the New Hampshire Supreme Court. Martin objects to the motion on procedural grounds, asserting that the Warden did not comply with the court's order issued on October 18, 2018, and that the Warden should not have filed a copy of the New Hampshire Supreme Court's decision in his direct appeal. On the substantive issues, Martin contends that he has a liberty interest in parole which is protected by the Fourteenth Amendment; that it is illegal under his interpretation of RSA 651-A:6, II and other statutes and administrative provisions to parole him into consecutive sentences; and that he properly preserved his claims before the New Hampshire Supreme Court.

5

A.  Procedural Objections

Martin contends that the court should "default" the Warden because the Warden did not abide by the order issued on October 18, 2018.  Martin does not explain what he perceives to be noncompliant.  Because he references the date he received the motion, December 21, 2018, he may think that the motion was untimely.  He also mentions a copy of the New Hampshire Supreme Court's decision on his direct appeal that was filed by the Warden.

In the October 18 order, the magistrate judge directed the Warden "to file an answer or motion to dismiss the claims in the petition and in the addendum (Doc. Nos. 1, 9), within ninety days of this Order."  Doc. no. 10, at *1.  The Warden filed the motion to dismiss on December 20, 2018, well within the ninety-day time.  Therefore, the motion is not untimely.

Martin faults the Warden for filing a copy of the New Hampshire Supreme Court's decision on his direct appeal with the motion to dismiss.  If Martin believes that was a violation of the October 18 order, he has not explained why.  While Martin states that the filed opinion "has not yet been presented to this Honorable Court," he does not explain what he means or why that is a problem.

Martin provides no procedural grounds to deny the motion.

B.  Motion to Dismiss Martin's Claims

Under § 2254, a petition may be granted only in two circumstances.  The first ground for habeas relief exists if the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  § 2254(d)(1).  The second ground exists if the state court proceedings "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  § 2254(d)(2).

1.  Exhausted Claims

In this case, Martin challenges the New Hampshire Supreme Court's interpretation of § 651-A:6, II, a state law, and the imposition of consecutive sentences under state law.  He has not shown or even argued that the New Hampshire Supreme Court's decision is contrary to or an unreasonable application of <u>federal</u> law, as interpreted by the United States Supreme Court.[4]

---

[4] To the extent Martin argues that he has a liberty interest in parole that is protected by the Fourteenth Amendment, it appears that claim was not raised in the state court proceedings.  Even if such a claim could be raised in the context of a § 2254 petition and if Martin's interpretation of RSA 651-A:6, II were applied, he would not yet be eligible for parole and has no such liberty interest.  See Griffin v. N.H. Dep't of Corrs., 2017 WL 4404400, at *3 (D.N.H. Sept. 21, 2017).

7

Instead, his claim is based entirely on state law and state administrative rules. He contends that the New Hampshire Supreme Court erred in affirming the superior court's interpretation of RSA 651-A:6, II and the ruling that consecutive sentences are legal.[5]

The New Hampshire Supreme Court's decision cannot be appealed to this court. See Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 64 (1st Cir. 2018) ("The Rooker-Feldman doctrine preserves the Supreme Court's exclusive jurisdiction over appeals from final state-court judgments." (internal quotation marks omitted)). Further, when applying New Hampshire law, this court is bound by the New Hampshire Supreme Court's teachings. See Johnson v. Fankell, 520 U.S. 911, 916 (1997); N. Am. Specialty Ins. Co. v. Lapalme, 258 F.3d 35, 38 (1st Cir. 2001). Therefore, Martin has not alleged a claim for relief under § 2254 based on the state courts' interpretation and application of RSA § 651-A, II and the imposition of consecutive sentences.

---

[5] Because Martin presents only a legal issue, there is no claim based on an unreasonable determination of the facts.

8

2. <u>Procedurally Defaulted Claims</u>

To the extent Martin may have presented other claims to the trial court, the New Hampshire Supreme Court held that those claims were not properly preserved.[6]  Specifically, the supreme court held that it would not review any issue that Martin had not raised before the trial court, citing Supreme Court Rule 16(3)(b) and State v. Wilson, 169 N.H. 755, 768 (2017).  Because it was Martin's burden to provide the record on appeal to show what issues had been preserved and Martin failed to provide any of the pleadings submitted to the trial court, the supreme court declined to address other arguments raised in his brief.

Federal habeas review is precluded by procedural default when "the state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement."  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  A state-court decision not to address a claim is preclusive if the decision "'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'"  Lee v. Corsini, 777 F.3d 46, 54 (1st Cir. 2015)

---

[6] Martin submitted his state court motion to vacate his sentences and for resentencing as an exhibit to the addendum to his petition in this case.  The motion focuses on Martin's interpretation of RSA 651-A:6, II and the effect of consecutive sentences and does not appear to raise any other claims or issues.

9

(quoting Walker v. Martin, 562 U.S. 307, 315 (2011)).  A petitioner can avoid the effect of procedural default by showing an adequate cause for the default and actual prejudice or innocence.  Berthoff v. United States, 308 F.3d 124, 127-28 (1st Cir. 2002).

Martin asserts that he has demonstrated here what claims were exhausted in state court, argues that the New Hampshire Supreme Court's instructions did not require him to file his motion from the trial court, and disputes the supreme court's decision that he defaulted other claims.  Martin, however, does not identify what other claims he raised in the trial court that the supreme court failed to address.  Instead, his objection to the motion to dismiss focuses on the interpretation and application of RSA 651-A:6, II and the legality of consecutive sentences, which were addressed by the New Hampshire Supreme Court.  Martin does not raise cause and actual prejudice for his default.

Therefore, if Martin intended to raise claims here that were not considered by the New Hampshire Supreme Court, those claims were procedurally defaulted.  For that reason, they cannot be considered under § 2254.

Conclusion

For the foregoing reasons, the Warden's motion to dismiss (document no. 12) is granted.

Martin's motion for subpoenas (document no. 14) is denied as moot.

Martin has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). Therefore, the court declines to issue a certificate of appealability.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 10, 2019

cc: Ronald W. Martin, pro se
    Elizabeth C. Woodcock, Esq.